UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

                      Plaintiff,

                                                          Case # 15-CV-6315-FPG

v.

                                                          DECISION AND ORDER

RICHARD A. CAMPBELL, et al.,

                      Defendants.
───────────────────────────────

      The United States of America brings this foreclosure action against Richard A. Campbell and Evelyn D. Mansfield, as the Administratrix of the Estate of Janet L. Campbell, seeking to foreclose on the premises and real property located at 156 Main Street, East Bloomfield, New York ("156 Main Street"). The Complaint alleges that the United States is owed over $55,000 of a $76,000 mortgage for 156 Main Street that Janet and Richard Campbell executed on December 15, 1993. *See* ECF No. 1, 9. Defendant Richard Campbell filed a *pro se* response to the Complaint, and provided a copy of a divorce decree from the Ontario County Supreme Court dated October 12, 1999. ECF No. 5. As relevant here, that divorce decree determined that Richard Campbell "has no marital interest in the [property] located at 156 Main Street" and held that Janet Campbell "shall be solely responsible for payment of the mortgage" that is at issue in this foreclosure proceeding. *Id.* at 4. The divorce decree also directed the Ontario County Sheriff to execute a deed on Richard Campbell's behalf, which would "constitute a full and complete conveyance" of the property located at 156 East Main Street to Janet Campbell. *Id.* at 5.

      The United States has now moved for summary judgment and seeks an order foreclosing upon and authorizing the sale of the property at 156 Main Street to recover over $57,000 towards the mortgage in addition to costs and attorney fees. ECF Nos. 8, 9, 10, 11. For the following reason, the motion is DENIED WITHOUT PREJUDICE.

The United States' Statement of Material Facts Not in Dispute is deficient. Local Rule 56(a)(3) requires that "each statement by the movant or opponent [in the statement of material facts] must be followed by citation to evidence that would be admissible, as required by Federal Rule of Civil Procedure 56(e). Citations shall identify with specificity the relevant page and paragraph or line number of the authority cited." Despite this clear rule, the United States' statement of material facts does not contain a single citation to either the record or to any admissible evidence. If the matters contained within the Statement of Material Facts Not in Dispute are not supported by evidence in admissible form, the Court cannot considered them. Without any citations, the Court cannot say that any of the statements are admissible, and therefore cannot support a summary judgment motion. For that reason alone, the Motion must be denied. However, if the United States wishes to refile its summary judgment in a manner that complies with the Local Rules, it may do so by October 28, 2016.

If the United States chooses to refile its summary judgment motion, it must also address the effect of Richard Campbell's divorce decree on this action. Here, the United States has characterized Richard Campbell's argument regarding his divorce decree as seeking sympathy from the Court. *See* ECF No. 11. In conclusory fashion, and without citing to a single case or statute, the United States argues that Richard Campbell remains responsible for the original mortgage because "nothing he has alleged legally removes his liability to the Plaintiff for this debt." ECF No. 11, at 6. To warrant summary judgment, the United States, as the moving party, must establish that, as a matter of law, there are no disputed issues of material fact. Since the United States has not made a serious attempt to provide any legal authority for the Court to disregard what appears to be a valid divorce decree that appears to absolve Richard Campbell of his obligations on the underlying mortgage, the Motion does not demonstrate the absence of material disputed facts.

CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment (ECF No. 8) is DENIED WITHOUT PREJUDICE. As a matter of discretion, the Court will allow the United States to refile its summary judgment motion – if they choose to do so – in a manner that fully complies with the applicable rules and that addresses the issues present in this case. Should the United States choose to file such a motion, it must do so by October 28, 2016.

IT IS SO ORDERED.

Dated: September 19, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court