UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

                                  Case # 15-CV-6315-FPG

v.

                                  DECISION AND ORDER

RICHARD A. CAMPBELL, et al.,

                                  Defendants.
_____

## INTRODUCTION

      Plaintiff United States of America ("Plaintiff") brings this action to foreclose a real property mortgage executed by Defendant Richard A. Campbell ("Campbell") and his wife, Janet L. Campbell ("Decedent"). Pending before the Court is Plaintiff's motion seeking summary judgment, a judgment of foreclosure and sale, amendment of the case caption, and attorney's fees and costs. ECF No. 14. For the reasons stated below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

      On or about December 15, 1993, Plaintiff, acting through its agency, the United States Department of Agriculture Rural Housing Services f/k/a Farmers Home Administration,[1] loaned Campbell and Decedent $76,000.00, with repayment to occur in specified monthly installments and at an interest rate of 6.5%. ECF No. 15 at ¶ 1. Campbell and Decedent executed a Promissory Note ("Note") (ECF No. 15 at 16-18), dated December 15, 1993, in connection with the loan. *Id.* ¶ 2. The Note was secured by a Real Estate Mortgage ("Mortgage") (ECF No. 15 at 20-24), dated

---

[1] The Farmers Home Administration was abolished in November 23, 1994 and the agency is now known as the Farm Service Agency. *See* ECF No. 15-11 at 1.

the same day as the Note, covering real property located at 156 Main Street, Bloomfield, New York (the "Property"). ECF No. 15 at 20-24.[2]

The Mortgage was later revised to include a portion of the mortgaged parcel that was not included in the Mortgage (the "Revised Mortgage").[3] ECF No. 15-1 at 2-3. On December 15, 1993, Plaintiff, Campbell, and Decedent entered into a Subsidy Repayment Agreement under which "the interest described in the Promissory Note was reduced."[4] ECF No. 15 at ¶ 6.

Plaintiff commenced this action on May 21, 2015 with the filing of a Complaint (ECF No. 1) and a Notice of Lis Pendens (ECF No. 2). The Complaint named Campbell and Evelyn D. Mansfield, as Administratrix of Decedent's Estate ("Mansfield"), as Defendants. *See* ECF No. 1. It also named John Doe, Mary Roe, and XYZ Corporation as Defendants, "those names being fictitious, but intending to designate tenants, occupants or other." *Id.* ¶ 22.

Campbell, proceeding *pro se*, filed an Answer[5] (ECF No. 5) on August 6, 2015 and attached a copy of an October 12, 1999 divorce decree from Ontario County Supreme Court. As relevant here, the divorce decree ordered that Campbell "has no marital interest in the marital residence located at 156 Main Street, Bloomfield, New York" and that Decedent "shall be solely responsible for payment of the mortgage held by USDA Rural Development, formerly Famers Home Association." ECF No. 15-6 at 6. Additionally, the divorce decree directed the Ontario County

---

[2] The Mortgage was recorded on December 15, 1993 in the Ontario County Clerk's Office in Liber 823 of Mortgages at Page 463.
[3] The Revised Mortgage was recorded on January 14, 1994 in the Ontario County Clerk's Office in Liber 828 of Mortgages at Page 555.
[4] Decedent later executed Payment Subsidy Renewal Certifications in 1998, 2000, 2002, 2004, 2006, 2008, 2009, 2011, and 2013. ECF No. 15-1 at 8-20. Plaintiff states that these agreements were with Campbell, however, Campbell's signature is not present. The renewal agreement dated October 27, 2000 has Decedent's signature and includes the word "INCARCERATED" on the other signature line—which presumably is a reference to Campbell's incarceration during that time-period.
[5] Defendants Mansfield, John Doe, and Mary Roe did not file an answer and Plaintiff obtained a Clerk's Entry of Default against each on August 28, 2018. ECF No. 7.

2

Sheriff to execute a deed on Campbell's behalf, which would "constitute a full and complete conveyance" of the property to Decedent. *Id.* at 6.

On September 18, 2015, Plaintiff filed a Motion for Summary Judgment. ECF Nos. 8-11. The Court issued a Scheduling Order on the motion and mailed a copy to Campbell at the address he provided. *See* ECF No. 12. The Scheduling Order directed Campbell that any response to Plaintiff's motion must be submitted by December 4, 2015, and advised Campbell that Plaintiff may prevail on its claims without a trial if he did not respond to the motion. *See* ECF No. 12 at 1-2. Campbell did not respond to the motion.

On September 16, 2016, the Court issued a Decision and Order denying Plaintiff's Motion for Summary Judgment without prejudice for failing to comply with Local Rule of Civil Procedure 56(a)(3), which requires that "each statement by the movant or opponent [in the statement of material facts] must be followed by citation to evidence that would be admissible, as required by Federal Rule of Civil Procedure 56(e). Citations shall identify with specificity the relevant page and paragraph or line number of the authority cited." ECF No. 13 at 2. Furthermore, the Court instructed Plaintiff that, if it chose to refile its summary judgment motion, it must also address the effect of Campbell's divorce decree on this action. *Id*.

Plaintiff timely filed the instant Amended Motion for Summary Judgment (ECF Nos. 14-15) on October 25, 2016. Plaintiff mailed a copy of its motion, which included a notice to *pro se* litigant as required by Local Rule 56(b) to Campbell.[6] *See* ECF No. 15-8 at 9. Campbell did not respond to the motion and has not appeared in this case since filing his Answer on August 6, 2015.

---

[6] Local Rule of Civil Procedure 56(b) states that Any party moving for summary judgment against a *pro se* litigant shall file and serve with the motion papers a "Notice to *Pro Se* Litigant Regarding Rule 56 Motion For Summary Judgment" in the form provided by the Court.

On August 23, 2018, the Court issued a Scheduling Order (ECF No. 16), pursuant to Local Rule of Civil Procedure 56(b), directing Campbell that his "materials in opposition must be filed by no later than September 24, 2018" and informing him that "THE RELIEF PLAINTIFF SEEKS IN ITS COMPLAINT MAY BE GRANTED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or other papers as required by Rule 56(e)." ECF No. 16 at 1-2. The Court mailed the Scheduling Order to Campbell at his last known address. On August 28, 2018, the envelope was returned to the Court as undeliverable.[7]

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Sousa v. Roque*, 578 F.3d 164, 169 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under governing law." *Id*. The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. The court resolves all ambiguities and draws all factual inferences in favor of the nonmovant, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56). The moving party must show the absence of any genuine dispute as to any material fact and its entitlement to judgment as a matter of law, even if the summary judgment motion goes unopposed. *See Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

---

[7] Pursuant to Local Rule 5.2(d), it is the duty of *pro se* litigants to keep the Court apprised of any changes in address and "[f]ailure to do so may result in dismissal of the case, with prejudice." Loc. R. Civ. P. 5.2(d).

## DISCUSSION

### I. Plaintiff's Motion for Summary Judgment as to Defendant Campbell

#### A. The Material Facts are Undisputed

In this case, Plaintiff re-filed and re-served its Motion for Summary Judgment against Campbell on October 25, 2016, which included a Rule 56 statement of undisputed facts and incorporated a "Notice to Pro Se Litigant Regarding Rule 56 Motion For Summary Judgment" to alert Defendant to the procedural requirements of summary judgment motions and the consequences of not responding. ECF Nos. 14, 15. Furthermore, this Court's Scheduling Order warned Defendant of the consequences of not responding to Plaintiff's Motion. ECF No. 16.

Despite these warnings, Defendant failed to file an opposing statement contesting Plaintiff's statement of undisputed facts, or otherwise respond to Plaintiff's Motion for Summary Judgment. Accordingly, the Court accepts Plaintiff's Rule 56 Statement as the undisputed facts of this case. *See Xerox Corp. v. Southwest Direct, Inc.*, No. 15-CV-06245-FPG, 2016 WL 3766425, at *2 (W.D.N.Y. July 8, 2016) (citing *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998)).

#### B. Prima Facie Case

Summary judgment may be sought in foreclosure actions. *United States v. Simmons*, No. 13-CV-00789(S)(M), 2015 WL 12591683, at *2 (W.D.N.Y. Jan. 16, 2015) (citation omitted) *report and recommendation adopted* No. 13-CV-00789(S)(M), at ECF No. 37 (W.D.N.Y. Feb. 5, 2015). In New York, a plaintiff establishes a prima facie case in a mortgage foreclosure action "with summary judgment appropriate if nothing else is shown where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor." *OneWest, N.A. v. Aikey*, No. 13-CV-6453T, 2015 WL 1472265, at *2 (W.D.N.Y. Mar. 31, 2015) (citations omitted);

*see also CIT Bank, N.A. v. O'Sullivan*, No. 14-cv-5966 (ADS)(AYS), 2016 WL 2732185, at *4 (E.D.N.Y. May 10, 2016) (citations omitted). If the plaintiff establishes these three elements, "it is entitled to foreclose unless the defendant/mortgagor makes an affirmative showing of a bona fide defense to the mortgage." *Simmons*, 2015 WL 12591683, at *2 (citations omitted). A plaintiff's "presumptive right to collect . . . can only be overcome by an affirmative showing from the defendant." *United States v. Fugle*, No. 00-CV-0540E(SR), 2003 WL 251948, at *2 (W.D.N.Y. Jan. 25, 2003).

Here, Plaintiff has produced evidence establishing all three foreclosure elements, and thus has made out a prima facie case. Plaintiff includes with its motion copies of the Note, Mortgage, and Amended Mortgage, each bearing Campbell's signature. *See* ECF No. 15 at 16-18; ECF No. 15 at 20-24; ECF No. 15-1 at 2-3. This satisfies foreclosure elements one and two above. *See Simmons*, 2015 WL 12591683, at *2. Plaintiff also submits the Affidavit of Jennifer R. Jackson (ECF No. 15-7), RHS' Single Family Housing Program Director, dated September 23, 2016, stating that Campbell and Mansfield "have defaulted on payments due and owing under the Note and Mortgage set forth in the Complaint previously filed in this action." ECF No. 15-7 at ¶ 2. Jackson's affidavit also details the amount of unpaid principal, unpaid interest, unpaid advances and interest on those advances, escrow impound fees, and interest credit subsidies subject to recapture, totaling $67,405.72, as of September 22, 2016. *Id.* at 14. Furthermore, Plaintiff submits a notice of default sent to Campbell via certified mail on June 24, 2014, demanding payment and stating its intent to foreclose.[8] *Id.* at 2-4. Thus, Plaintiff has satisfied the third foreclosure element and established "a presumptive right to collect." *See Fugle*, 2003 WL 251948, at *2.

---

[8] Campbell signed a certified mail domestic return receipt on February 3, 2015.

The burden now shifts to Campbell to make an affirmative showing of a bona fide defense to the Mortgage.

### C. Affirmative Defenses

As stated above, Campbell did not respond to Plaintiff's motion and his arguments appear solely in the Answer—a violation of Local Rules 7(a)(2)(A), 7(a)(3), and 56(a)(2). This failure, coupled with Plaintiff's establishment of a prima facie right to foreclose, entitle Plaintiff to summary judgment as to Defendant Campbell. *See Fugle*, 2003 WL 251948, at *2 ("The [defendants] have submitted no evidence to support their asserted defenses and they have submitted nothing in opposition to plaintiff's motion for summary judgment. Such absence of evidence fails to overcome plaintiff's presumptive right to foreclosure.").

In fact, even if the Court were to consider the defenses raised in the Answer, Defendant would fail to make a showing of a bona fide defense and Plaintiff would still be entitled to summary judgment.

#### 1. State Court Divorce Decree

Attached to his Answer, Campbell provides a copy of an October 12, 1999 divorce decree (the "Divorce Decree") from Ontario County Supreme Court. As relevant here, the Divorce Decree ordered that Campbell "has no marital interest in the marital residence located at 156 Main Street, Bloomfield, New York" and that Decedent "shall be solely responsible for payment of the mortgage held by USDA Rural Development, formerly Famers Home Association." ECF No. 15-6 at 6. Additionally, the Divorce Decree directed the Ontario County Sheriff to execute a deed on Campbell's behalf, which would "constitute a full and complete conveyance" of the property to Decedent. *Id.* at 6.

In response, Plaintiff asserts that it was not a party to the Divorce Decree and, therefore, while the state court judge may have been able to determine whether Campbell or Decedent was responsible to the other for the Mortgage payments, "he cannot remove [Campbell's] personal liability to the Plaintiff under the promissory note admittedly given by [Campbell] to the Plaintiff." ECF No. 15-11 at 6.

"The preclusive effect of a state court judgment in federal court is determined by the Full Faith and Credit Act, 28 U.S.C. § 1738." *Wiederspan v. Republic of Cuba*, 246 F. Supp. 3d 873, 876 (S.D.N.Y. Mar. 23, 2017). Pursuant to the Act, "judicial proceedings of any court of any [ ] State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." *Conopco, Inc. v. Roll Intern.*, 231 F.3d 82, 87 (2d Cir. 1998) (quoting 28 U.S.C. § 1738) (alterations in original).

> It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.

*Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 482 (1982). In New York, "*res judicata* bars future litigation between the same parties, or those in privity with them, on the same cause of action." *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997) (citing *Hodes v. Axelrod*, 70 N.Y.2d 364, 372 (1987)).

Here, Plaintiff was not a party to the Divorce Decree that purported to remove Campbell's mortgage liability to Plaintiff. Thus, the Divorce Decree could not have a preclusive effect. *See U.S. (Drug Enforcement Agency) v. One 1987 Jeep Wrangler Auto VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 479 (2d Cir. 1992) ("[I]t is apparent that the federal government nor any of its agencies was a party to the state criminal proceeding. Thus, no *res*

8

*judicata* effect could have attached."). Accordingly, the Divorce Decree fails as an affirmative defense to the Mortgage.

### 2. Laches

Campbell asserts that, after the 1999 Divorce Decree, he did not receive any communication related to the Property "for many years" and that he "believed that the property had been transferred to [Decedent]." ECF No. 5 at 1. Campbell was unaware "that the property had not previously been transferred to [Decedent's] name alone" until Decedent's estate contacted him after Decedent passed away.[9] *Id*. After Decedent's death, he "began to receive some letters from the USDA sending me a bill and other information." *Id*. At that point, Campbell had not made any payments related to the Property "for a number of years," believing that the payments were "[Decedent's] responsibility," that she had been making payments, and that he was not "on the deed any longer." *Id*. at 1-2. To the extent that Campbell's assertions could be construed as raising a laches defense, such defense fails.

The equitable defense of laches "bars a plaintiff's . . . claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Eppendorf-Netheler-Hinz GMBH v. Nat'l Scientific Supply Co., Inc.*, 14 F. App'x 102, 105 (2d Cir. 2001) (summary order) (citing *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir.1998)) (alterations in original). However, "[i]t is well settled that the United States is not ... subject to the defense of laches in enforcing its rights." *United States v. Bowman Poultry Farms, Inc.*, No. 92–CV–80S, 1994 WL 577524, at *4 (W.D.N.Y. Sept. 30, 1994) (quoting *United States v. Summerlin*, 310 U.S. 414, 416 (1940)) (alterations in original). Because Plaintiff in this case is the United States, the defense of laches fails.

---

[9] Per Decedent's Death Certificate, Decedent passed away on January 30, 2014. *See* ECF No. 15-5 at 2. Thus, Campbell is asserting that he did not receive any communications regarding this matter for over 14 years.

9

### 3. Sympathy

Finally, Campbell outlines his current economic situation, evidencing the hardship that would result were Plaintiff permitted to foreclose. Specifically, Campbell explains that he is 57 years old, hasn't been able to use the Property since the Divorce Decree, and has "never made any money from it." ECF No. 5 at 2. Furthermore, he earns $12.00 per hour, "can't afford anybody taking any more money from [him] as [he] can barely survive on what [he] make[s]," and has relied on financial assistance from people who attend his church to pay other legal fees. *Id*.

Though the Court is sympathetic to Campbell's economic situation, "it remains that sympathy is not a defense to a foreclosure action." *Schwartz v. Schwartz*, No. 16-CV-2743 (ADS)(AYS), 2017 WL 4023132, at *7 (E.D.N.Y. Aug. 28, 2017) *report and recommendation adopted* 2017 WL 4023129, *1 (Sept. 12, 2017). Thus, Defendant's arguments related to his financial situation fail.

For all the reasons stated, the Court finds that Plaintiff is entitled to summary judgment as to Defendant Campbell.

## II. Defendants Mansfield, John Doe, and Mary Roe

Plaintiff's motion is styled as a motion for summary judgment and Plaintiff's memorandum of law cites the Rule 56 summary judgment standard. However, it is unclear to the Court what, if any, relief Plaintiff is seeking against Defendants Mansfield, John Doe, and Mary Roe. While Plaintiff's motion makes one passing reference to Rule 55(b)—the operative rule for default judgment—and Plaintiff has obtained a Clerk's Entry of Default against Defendants Mansfield, Doe, and Roe, Plaintiff neither specifically requests default judgment nor cites the default judgment standard in its submissions.

In addition, Plaintiff's arguments relevant to summary judgment in its memorandum of law only address summary judgment as to Defendant Campbell—the only Defendant who has appeared in this case. *See* ECF No. 14. Thus, the Court is unable to determine what form of relief Plaintiff seeks with respect to Defendants Mansfield, Doe, and Roe. Accordingly, Plaintiff is ordered, within 30 days of the date of this Order, to move for appropriate relief as to these Defendants, or in the alternative, to show cause why these Defendants should not be dismissed from this case.

Furthermore, to the extent that Plaintiff seeks either summary judgment or default judgment against Defendants John Doe and Mary Roe, Plaintiff is ordered, within 30 days of the date of this Order, (1) to determine the real names of Defendants Doe and Roe or, alternatively, (2) to provide the Court with legal authority establishing that it may continue to use fictitious names for Defendants Doe and Roe more than three years after this suit was brought and that default judgment may be entered against defendants identified with fictitious names. *See United States v. Callard*, No. 11-CV-4819 (ADS)(ETB), 2013 WL 6173798, at *4 (E.D.N.Y. Nov. 19, 2013) ("While . . . fictitious names may be used for defendants at the commencement of a lawsuit . . ., the [p]laintiff has not addressed on what basis it may continue to use fictitious [d]efendants in an action that is now more than two years old.").

### III. Plaintiff's Motion to Amend the Caption

Plaintiff seeks to amend the case caption in following ways: (1) dismiss XYZ Corporation as an "unnecessary party" since no entity has been served at the subject premises; and (2) "substitute John Doe and Mary Roe for the unknown 'John Doe and Mary Roe' defendants on the grounds that they have been served as a [sic] tenants or occupants having an interest in the premises at issue." ECF No. 14 at 2; ECF No. 15 at ¶ 17. Defendants have not opposed this relief. The Court addresses each of these requests in turn.

**1. XYZ Corporation**

Plaintiff requests the Court dismiss "XYZ Corporation" from this action because it was discovered that there are "no tenants or occupants residing at the premises at issue under [this] fictitious name." ECF No. 15 at 6. The Court finds that dismissal of XYZ Corporation as a party is appropriate as "such relief is routinely granted in foreclosure actions" under such circumstances. *U.S. Bank Nat'l Ass'n v. 2150 Joshua's Path, LLC*, No. 13-CV-00789(S)(M), 2017 WL 4480869, at *6 (E.D.N.Y. Sept. 30, 2017) (citations omitted); *see also OneWest Bank, N.A. v. Bianchini*, No. 14-CV-3234 (DRH)(GRB), 2016 WL 1039491, at *1 (E.D.N.Y. Feb. 22, 2016) *report and recommendation adopted* 2016 WL 1045533, at *1 (E.D.N.Y. Mar. 15, 2016). Accordingly, Plaintiff's motion to amend the case caption to remove XYZ Corporation is GRANTED.

**2. John Doe and Mary Roe**

"[F]ictitious names may be used for defendants at the commencement of a lawsuit when the identities of those defendants are not yet known." *Callard*, 2013 WL 6173798, at *4. Thus, "Doe" and "Roe" defendants may be used to represent tenants at a mortgaged property whose identity is unknown. *See, e.g.*, *Bianchini*, 2016 WL 1039491, at *1 (citations omitted).

Plaintiff's Complaint named "John Doe" and "Mary Roe" as defendants "to designate tenants or occupants, if any, having an interest in possession upon the premises at issue." *See* ECF No. 1; ECF No. 15 at 6. On August 27, 2015, Plaintiff requested a Clerk's Entry of Default against "John Doe" and "Mary Roe" for failure to appear or answer, asserting that "John Doe and Mary Roe were served under the fictitious name 'John Doe [and] Mary Roe . . .' and accordingly, at the judgment stage of our action, we will request that the caption be amended." ECF No. 6 at 4. Plaintiff attached Affidavits of Service (ECF No. 6 at 8-9) for service upon "John Doe a/k/a John Doe – Name Unknown" and "Mary Roe a/k/a Mary Roe – Name Unknown," indicating that three

attempts had been made to serve them and that each was ultimately served by affixing a copy of his or her respective summons to the door at 156 Main Street, East Bloomfield, NY 14469, and through certified mail sent via the United States Postal Service to that same address. ECF No. 6 at 9-11. On August 28, 2015, the Clerk of Court entered default judgment against John Doe and Mary Roe. ECF No. 7.

Plaintiff now moves for an order amending the case caption "to substitute John Doe and Mary Roe for the unknown 'John Doe and Mary Roe' defendants on the grounds that they have been served as tenants or occupants having an interest in the premises at issue." ECF No. 14 at 2. It is unclear why Plaintiff is moving to amend the case caption to substitute fictitious names that represent unknown defendants for the same fictitious names. Thus, Defendant's motion to amend the case caption "to substitute John Doe and Mary Roe for the unknown 'John Doe and Mary Roe' defendants" is DENIED.

## IV. Attorney's Fees and Costs

Plaintiff requests an award of attorney's fees and costs. *See* ECF No. 15 at 8. Under the terms of the Mortgage, Campbell and Decedent agreed "[t]o pay or reimburse [Plaintiff] for expenses reasonably necessary or incidental . . . to enforcement of or the compliance with the provisions hereof and of the note . . ., including but not limited to . . .attorneys' fees, . . . court costs, and expenses of advertising, selling and conveying the property." ECF No. 15 at 23. Plaintiff now seeks $3,000 in attorney's fees, supported by an Affirmation of Legal Services and Costs from Plaintiff's attorney Raymond J. Kalb, Esq. ECF No. 15-8 at 2-8.

Plaintiff's request for attorney's fees must be denied at this time. First, Mr. Kalb's affirmation states that the itemized services on behalf of Plaintiff "included or will necessarily include" the list of services in the affirmation. *See* ECF No. 15-8 at 5. However, to recover

13

attorney's fees, Plaintiff "must demonstrate the services *actually performed* through contemporaneous time records, rather than . . . rely on estimates of those services, some of which remain to be performed." *Simmons*, 2015 WL 12591683, at *4 (emphasis added). Additionally, "[e]ven for those services that appear to have already been performed, lacking is any detail of who performed the services or the dates when the services were performed." *See id*. Mr. Kalb does state that he or his staff performed each service, but he does not state who specifically performed each service and, furthermore, does not explain whether the time expended for those services is estimated or actual. *See* ECF No. 15-8 at 5. For all these reasons, Plaintiff's motion for attorney's fees is DENIED without prejudice to renew.

Plaintiff also seeks $1,150.00 in costs. In support of this request, Plaintiff submits a Bill of Costs that sets forth the following: $435.00 filing fee for the Index Number and Notice of Pendency, and $715.00 in service of process fees. ECF No. 15-7 at 16-17. Mr. Kalb attests to these costs, stating "upon information and belief" that these costs "were necessarily incurred in this action" and that "the services of the Marshal were actually and necessarily performed." *Id*.

To recover costs, the plaintiff "must submit bills or receipts for claimed expenses." *Simmons*, 2015 WL 12591683, at *2 (citation omitted). Plaintiff has failed to do so. Accordingly, Plaintiff's motion for costs is DENIED without prejudice to renew.

## V. Judgment of Foreclosure and Sale

Plaintiff also seeks a judgment of foreclosure and sale. *See* ECF Nos. 14-15. To be entitled to foreclosure and sale of a property, a plaintiff must demonstrate "the existence of an obligation secured by a mortgage, and a default on that obligation." *Gustavia Home, LLC v. Alvarez*, No. 16-CV-06633 (DRH) (SIL), 2017 WL 2983240, at *4 (E.D.N.Y. June 2, 2017) (citations omitted) *report and recommendation adopted as modified* 2017 WL 2983240 (E.D.N.Y. July 12, 2017). In

addition to this demonstration by the plaintiff, "New York Real Property Actions and Proceedings Law (RPAPL) requires '[e]very person having any lien or encumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" *Id.* (citing RPAPL § 1311(3)) (alteration in original). The purpose of this rule is "to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Id.* (citations omitted). If a necessary party is not joined, the judgment of foreclosure and sale does not affect his or her rights in the subject property. *Id.*

"Under New York law, tenants of a property are necessary parties to a foreclosure action." *West Coast 2014-7, LLC v. Portillo-Pena*, No. CV 15-6036 (DRH) (AKT), 2016 WL 4506749, at *3 (E.D.N.Y. Aug. 5, 2016) (citations and internal quotation marks omitted) *report and recommendation adopted* 2016 WL 4506749 (E.D.N.Y. Aug. 26, 2016). In its motion, Plaintiff has indicated that, while attempting to serve tenants or occupants at the premises at issue, the process server "discovered that John Doe and Mary Roe were tenants or occupants and therefore had an interest in the real property at issue and duly served John Doe and Mary Roe with a copy of the summons and complaint in this action." ECF No. 15 at 6. Based on this assertion, it appears that Plaintiff has identified individuals with possible interests in the premises at issue, but has served them under, and continues to identify them using, the fictitious names of "John Doe" and "Mary Roe." District courts in this Circuit "have reasoned that the use of 'Doe' does not sufficiently identify a defendant." *Gustavia Home, LLC v. Vielman*, No. 16-CV-2370 (ADS) (AKT), 2017 WL 4083551, at *9 (E.D.N.Y. Aug. 25, 2017) *report and recommendation adopted* 2016 WL 4507003, at *1 (Aug. 26, 2016). Thus, "[w]here a plaintiff has had ample time to identify a John Doe defendant, the plaintiff simply cannot continue to maintain a suit against the John Doe defendant." *Id.* at *9 (citation, alterations, and internal quotation marks omitted).

15

Based on Plaintiff's assertion that tenants or occupants with "an interest in the real property at issue" were served at the premises and Plaintiff's failure to adequately identify those individuals, "the Court is unable to ascertain whether there are any other interest holders in the [premises at issue] such that sale would give the purchaser complete title." *See Alvarez*, 2017 WL 2983240, at *4. Accordingly, Plaintiff's request for a judgment of foreclosure and sale is DENIED without prejudice to renew once this issue is resolved.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Summary Judgment as to Defendant Campbell is GRANTED; Plaintiff's Motion to Amend the Caption is GRANTED IN PART and DENIED IN PART; Plaintiff's Motion for Attorney's Fees and Costs is DENIED without prejudice; and Plaintiff's Motion for a Judgment of Foreclosure and Sale is DENIED without prejudice.

IT IS SO ORDERED.

Dated: September 25, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court